UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL COOPER, et. al.<br>    Plaintiff,<br><br>vs.<br><br>SHERIFF TOM DART, et. al.<br>    Defendants. | 09 C 7864<br><br>Honorable Judge<br>David Coar |

**ANSWER BY DEFENDANTS DART, GODINEZ, SNOOKS, AND BLUNT TO PLAINTIFFS' COMPLAINT**

NOW COME Defendants ("Defendants") Sheriff Tom Dart, Salvadore Godinez, Superintendant Snooks, and Lieutenant Blunt by their attorney the State's Attorney Anita Alvarez, through her Assistant Romano D. DiBenedetto, and answer Plaintiffs' complaint as follows:

1. On May 20, 2008 while confined on the Residential Treatment Unit (R.T.U.S.) located in the Division 8, here at Cook County Department of Corrections, which was designed and structured as a open dorm setting for mentally ill detainees who suffer from various mental illness.

**ANSWER:** Defendants deny the averments in this paragraph.

2. The Residential treatment Unit (R.T.U. that housed "us" mentally ill detainees was equipped with therapy sessions, therapeutic sessions, one on one counselling, anger management, alcoholics anomymous, and art therapy groups in a community based structured enviorment RTU Division 8 was sufficiently staffed with psyche trained personnel and Cook County Department of

1

Corrections officers that could properly identify mental-illnesses and other various psychosis with 24- hour observation which served the needs of mentally-ill detainees as mandated by law.

**ANSWER:   Defefendants admit that Division 8 was sufficiently staffed and deny the remainder of the averments in this paragraph.**

3. On May 20th 2008, while being confined in division 8, RTU Residential treatment unit at approximately 6:30pm Officer Borjas along with Dr. Jones under the supervision of Sergeant Salami advised 'us" (RTU) inmates to pack all our belongings and informed us that we are being transferred to maximum security Division 10.

**ANSWER:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.**

4. Some detainees upon arrival were shoved into their cells and immediately locked in.

**ANSWER:   Defendants deny the averments in this paragraph.**

5. Then we were informed that this is now a maximum security Division, and we are no-longer considered RTU.  Detainees and that the psyche programs no longer exist.

**ANSWER:   Defendants deny the averments in this paragraph.**

6. Being that we are now housed in a maximum security Division we are currently lock out of our cells from 7:30am to 2:00pm and not allowed to return to our cells.

**ANSWER:** Defendants deny the averments in this paragraph.

7. Ever, US mentally –ill RTU detainees after being medicated with prescribed psychotropic drugs, become extremely drowsy and incoherent and are being left with no other alternative but to sleep on the cold concrete floors, steel benches or steel tables.

**ANSWER:** Defendants deny the averments in this paragraph.

8. US detainees that are falling to sleep all over the floors and being stepped on and tripped over by other detainees pacing the floors due to medication side effects. We are forced to lay in and around mice droppings from rodents that roam freely around the tier.

**ANSWER:** Defendants deny the averments in this paragraph.

9. Currently there are no programs in place to aide or prevent further deterioration of our fragile mental state.

**ANSWER:** Defendants deny the averments in this paragraph.

10. In fact this maximum security setting is the complete opposite from a structure mandated by law for the mentally-ill detainees.

**ANSWER:** Defendants deny the averments in this paragraph.

11. There is not any proper psyche staff available 24 hours a day mandated by law.

**ANSWER:** Defendants deny the averments in this paragraph.

12. Where there should be a proper system that can identify, treat, and supervise detainees who are suicidal which is part of a adequate mental health program.

**ANSWER:** Defendants deny the averments in this paragraph.

13. There is a clear duty to protect detainees from self-destruction of self injury 24 hours a day as mandated by law.

**ANSWER:** Defendants deny the averments in this paragraph.

14. Failure to have psyche trained staff on duty 24 hours a day with constant direct observation would result in placing 'us" inmates at risk of harm behind locked doors.

**ANSWER:** Defendants deny the averments in this paragraph.

15. Failure to take simple measures would seem justified in finding that that jail is deliberately indifferent to detainees with medical needs. Now the mental health system does not exist for us mentally-ill detainees.

**ANSWER:** Defendants deny the averments in this paragraph.

16. Failure to train officers and failure to take basic steps to prevent suicide including monitoring detainees 24 hours a day on all 3-shifts.

**ANSWER:** Defendants deny the averments in this paragraph.

17. Pretrial mentally-ill detainees do not surrender their rights to equal protection of the law at the Jail gates.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

18. Therefore detainees that suffer from various mental illnesses and psychosis must be housed in a place that would guide and aide mentally –ill detainees.

**ANSWER:**    Defendants deny the averments in this paragraph.

19. Now, the current policies and practices that are in place does not compare with the initial mental health department proceedual.

**ANSWER:**    Defendants deny the averments in this paragraph.

20. Thus, all the herein defendant's deliberate indifference violated the plaintiff's constitutional right.

**ANSWER:**    Defendants deny the averments in this paragraph.

21. They knew or should have known that their actions or inaction violated the law that govern mental illness.

**ANSWER:**    Defendants deny the averments in this paragraph.

22. According to Cook county Department of Corrections rules and Regulations, the Plaintiff's laundry is to be sent to the laundry once a week.

**ANSWER:**    Defendants deny the averments in this paragraph.

23. It been approximately 1 ½ months since laundry has been taken out. Our towels and other laundry is mildewed.

**ANSWER:** Defendants deny the averments in this paragraph.

24. There haven't been any heat on 2-6 since 10-15-09 til this present day.

**ANSWER:** Defendants deny the averments in this paragraph.

25. As a result of no heat, Detainees have gotten colds and the flu.

**ANSWER:** Defendants deny the averments in this paragraph.

26. Wherein the plaintiffs was placed in cells that was dirty and had 'black soot" (black smoke) over the walls and floor and under the desks.

**ANSWER:** Defendants deny the averments in this paragraph.

27. The Plaintiffs has attached a 'mouse" to the complaint as further proof that the plaintiffs are living inafilthy and diseased enviorment.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding a mouse being attached to the complaint; Defendant deny the remainder of the averments in this paragraph.

WHEREFORE, based upon the foregoing, Defendants Sheriff Tom Dart, Salvadore Godinez, Superintendant Snooks, and Lieutenant Blunt, in their individual and official capacities, respectfully request that this Honorable Court grant judgment in Defendants' favor and against Plaintiffs on all aspects of their Complaint. Defendants further request that this Honorable Court grant them fees, costs, and such other relief that this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSE**

NOW COME Defendants Sheriff Tom Dart, Salvadore Godinez, Superintendant Snooks, and Lieutenant Blunt by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through Romano D. DiBenedetto, his Assistant State's Attorney, and set forth the following affirmative defenses:

1. Each Plaintiff, while an inmate, failed to properly exhaust his administrative remedies before filing this action. Therefore, their respective actions should be dismissed pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

2. Each Plaintiff, while an inmate, did not sustain physical injury as required for any monetary award pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).   WHEREFORE, based upon the foregoing, Defendants Sheriff Tom Dart, Salvadore Godinez, Superintendant Snooks, and Lieutenant Blunt, in their individual and official capacities, respectfully request that this Honorable Court grant judgment in Defendants' favor and against Plaintiffs on all aspects of their Complaint.  Defendants further request that this Honorable Court grant them fees, costs, and such other relief that this Court deems just and appropriate.

## **JURY DEMAND**

Defendants demand a trial by jury.

                      Respectfully submitted,

                      ANITA ALVAREZ
                      State's Attorney of Cook County

by:    s/Romano D. DiBenedetto
         Assistant State's Attorney
         Richard J. Daley Center
         50 West Washington, Room 500
         Chicago, Illinois 60602
         (312) 603-3473
         6220301